SYLLABUS

(This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.)

**State v. Shangzhen Huang (A-62-18) (082140)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Moynihan's opinion, published at ___ N.J. Super. ___ (App. Div. 2018).)**

**Argued September 24, 2019 -- Decided October 23, 2019**

**PER CURIAM**

In this appeal as of right, the Court considers whether an indictment charging defendant with second-degree vehicular homicide of a child, N.J.S.A. 2C:11-5, and fourth-degree assault by auto of the child's mother, N.J.S.A. 2C:12-1(c)(1), was properly dismissed. The statutes pertaining to both counts of the indictment require the State to prove that defendant drove a vehicle recklessly. Defendant argued, and the motion judge concluded, the evidence presented to the grand jury failed to establish recklessness.

That evidence indicated that defendant made a left turn onto a four-lane, forty-mile-an-hour road from a commercial driveway. In the course of the turn, he depressed the accelerator of his car roughly three-quarters of the way to the car's floor and never applied the brakes. Defendant left the roadway, mounted the curb on the side of the road opposite the driveway from which he set out, and drove with the driver-side wheels on the sidewalk and passenger-side wheels on the front yard of a structure. He sheared two street signs before crashing into a concrete planter. A metal support from one of the signs hit a six-year-old child in the head, causing trauma that led to his death. The child's mother, who was walking with him, suffered internal injuries when she was struck by a piece of sheared metal. Defendant's car entered an intersection, still driving parallel to the highway. After crossing the intersecting street, hitting curb-side items along his route, defendant re-entered the highway and traversed all four lanes without ever stopping. Defendant ultimately crashed his car into a tree.

A majority of the Appellate Division panel reversed the motion court's dismissal of the indictment, finding that the State had put forth "some evidence establishing each element of the crime to make out a prima facie case." ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 5) (quoting State v. Saavedra, 222 N.J. 39, 57 (2015)). As to recklessness, the majority stated:

The detective testified that defendant's passenger told him that defendant enjoyed the feeling of acceleration to the point of feeling his back pushed against the seat, thus establishing defendant's familiarity with the effect of acceleration on a driver. Defendant's acceleration onto the highway, his loss of control, and the degree to which he lost control -- never braking, stopping only after hitting a tree -- sufficiently established that he "was aware that he was operating a vehicle in such a manner or under such circumstances as to create a substantial and unjustifiable risk of death" to the child, Model Jury Charges (Criminal), "Vehicular Homicide (N.J.S.A. 2C:11-5)" (rev. June 14, 2004), and "serious bodily injury" to the child's mother, Model Jury Charges (Criminal), "Assault by Auto or Vessel (N.J.S.A. 2C:12-1(c))" (approved June 14, 2004); and "that the defendant consciously disregarded this risk and that the disregard of the risk was a gross deviation from the way a reasonable person would have conducted himself in the situation." Model Jury Charges (Criminal), "Vehicular Homicide (N.J.S.A. 2C:11-5)"; Model Jury Charges (Criminal), "Assault by Auto or Vessel (N.J.S.A. 2C:12-1(c))."

[Id. at ___ (slip op. at 5-7).]

The majority thus concluded that there was some evidence before the grand jury establishing the element of recklessness and that defendant's motion to dismiss the indictment should have been denied. Id. at ___ (slip op. at 7).

Judge Fuentes dissented, finding that "[v]iewed in the light most favorable to the State, this tragic occurrence bespeaks of civil negligence, not criminal recklessness." Id. at ___ (slip op. at 11) (Fuentes, P.J.A.D., dissenting). Defendant appealed as of right pursuant to Rule 2:2-1.

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in the majority's opinion.

**AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

2

SUPREME COURT OF NEW JERSEY

A-62 September Term 2018

082140

State of New Jersey,

Plaintiff-Respondent,

v.

Shangzhen Huang,

Defendant-Appellant.

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
___ N.J. Super. ___ (App. Div. 2018).

| Argued | Decided |
| --- | --- |
| September 24, 2019 | October 23, 2019 |

Joseph J. Benedict argued the cause for appellant
(Benedict and Altman, attorneys; Joseph J. Benedict and
Philip Nettl, on the brief).

Nancy A. Hulett, Assistant Prosecutor, argued the cause
for respondent (Christopher L.C. Kuberiet, Acting
Middlesex County Prosecutor, attorney; Nancy A. Hulett,
of counsel and on the brief).

Lila B. Leonard, Deputy Attorney General, argued the
cause for amicus curiae Attorney General of New Jersey
(Gurbir S. Grewal, Attorney General, attorney; Lila B.
Leonard, of counsel and on the brief).

1

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Moynihan's opinion, reported at ___ N.J. Super. ___ (App. Div. 2018).

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.